SARAH DEEGAN, Respondent, v. JOHN CONZELMAN, Appellant.

1. Where M. and S. had put to livery a horse which was entrusted to them by C. for the purpose of trial before purchasing, and the credit was given to M. and S., a subsequent verbal promise of C. to pay for the keeping to the livery-man will be within the Statute of Frauds and void.

*Appeal from Law Commissioner's Court of St. Louis.*

This was a suit, commenced before a justice of the peace, appealed to the law commissioner's court of St. Louis county, and again appealed to the supreme court, to recover for the keeping of a horse of the defendant.

Upon the trial below, it was testified that defendant had bailed the horse to two persons, Mannhardt and Schweikler, who took the horse on trial with the intention of purchasing, and that they put the horse at plaintiff's stable to be kept, and were charged with the keeping in plaintiff's books. After the plaintiff had kept the horse for two months, the defendant demanded the horse; which demand being refused, the defendant took the horse by judicial process. It was also testified that about the time of the caption of the horse by defendant, he verbally promised "that he would see the bill settled satisfactorily," or to that effect.

Deegan v. Conzelman.

Upon the trial the defendant asked the following instructions, which were refused:

1. If the jury believe from the evidence that the horse in question was put to keep in the stable of the plaintiff by any other person than the defendant, or that the contract for keeping the same was not made with the defendant, or his agent duly authorized, then they must find for the defendant. 2. Although the jury believe from the evidence that the defendant promised to pay for the keep of said horse, yet, unless said promise was made before the horse was put with plaintiff to keep, or afterwards made in writing, then they must find for the defendant. 3. If the jury believe from the evidence that the original contract for keeping the horse was made with Mannhardt and Schweikler, and was by them to be paid for, then they must find for the defendant, unless they also find that the defendant did afterwards promise, in writing, to pay for the same. 4. If the jury believe from the evidence that the livery stable in question had been the property of Patrick Deegan until the time of his death, and that said Patrick Deegan died within three years of the commencement of this suit, then the plaintiff can not recover. The defendant asks the court to instruct the jury, that the evidence does not warrant a verdict for the plaintiff.

For the plaintiff the court gave the following instructions:

1. The jury are instructed, that where a service is bestowed for the benefit of another, though without his express request, but if he knows of such service, and tacitly assents to reap the benefit thereof, an implied promise will arise to pay a reasonable compensation therefor. 2. The jury are instructed, that although Conzelman, the defendant, may not have placed the horse with the plaintiff, yet if the defendant knew that the plaintiff was keeping the horse, and tacitly consented thereto, and subsequently promised to pay for the same, or to see the bill paid, the defendant is liable therefor, though the bill may have been made out in the name of another person. 3. The

jury are instructed to disregard all the evidence of witness Schweikler with regard to any contract or agreement made about the horse between defendant and said Schweikler and his partner.

*Spies*, for appellant.

I. The promise of defendant, if it was a promise at all, was a verbal promise to pay the debt of another, and therefore void by the statute of frauds for want of a proper memorandum in writing, signed by the party to be charged. (Rev. Code, 1855, p. 807, § 5 ; Musick v. Musick, 7 Mo. 495 ; Bailey v. Trustees, &c., 14 Mo. 498.)

II. The instructions prayed for by plaintiff should not have been granted. They were not supported by the evidence. (Hines v. McKinney, 3 Mo. 270 ; O'Fallen v. Boisvenu, id. 286 ; Williams v. Harrison, 3 Mo. 290 ; McLean v. Thorpe, 4 Mo. 256.) They presented mere abstract legal propositions. (Greely v. McNabb, 13 Mo. 596 ; 14 Mo. 125 ; id. 166 ; id. 523 ; id. 354 ; id. 502 ; id. 604 ; Hays v. Bell, 16 Mo. 496.) There was no evidence that defendant knew that plaintiff was keeping his horse until the making of the demand for the delivery to the defendant.

*Garesché, Garesché & Farish*, for respondents.

Where a service is rendered for the benefit of another, although it may not be done at the latter's request, yet if he knew that such service has been rendered him, reaps or takes the benefit thereof, and assents, although tacitly, thereto, the law raises an implied obligation to pay a reasonable compensation therefor.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Ewing, in which Judge Napton concurred, but no judgment was entered. The parties, be-

fore knowing what that opinion is, have agreed that judgment may be entered in accordance with it.

Judgment below is therefore reversed and the case remanded.

EWING, Judge.

The instructions asked by the defendant as to his liability under the statute of frauds were proper, and should have been given. The evidence tended to prove that the horse in question, although the property of defendant, was, when the account sued on accrued, in the possession and under the control of Mannhardt and Schweikler, who got him from defendant on trial, with a view to a purchase; that while they had him so in possession, he was kept by Deegan for them, and not for defendant, and that the account was charged, and credit given to them, and they treated as the debtors. A promise, therefore, by the defendant, not in writing, to answer for the debt would not bind him. If the account sued on were a debt of Mannhardt and Schweikler, as the evidence tended to show, no action would lie against the defendant on such a promise.

Judgment reversed and the cause remanded.